UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) ) |
| CARLOS MOLINA, Defendant. | ) ) ) ) |

No. 22-cr-129-JJM-AEM

## ORDER

Carlos Molina has filed two motions that are now before the Court, a Motin for Reconsideration (ECF No. 52) and a Motion to Reduce Sentence (ECF No. 53). The Government has objected to both motions (ECF Nos. 56, 57).

Mr. Molina pleaded guilty to possessing with intent to distribute 400 grams or more of fentanyl. His guideline range was calculated using an offense level of 37 and a criminal history category of VI, resulting in a guideline range of 262-327 months because he met the criteria for the career offender enhancement under U.S.S.G. § 4B1.1(a) and (b)(2). His guideline range, if he were not a career offender would have been calculated using an offense level of 32 and a criminal history category of VI (he had 13 points), resulting in a non-career offender guideline range of 151-188 months.

When Probation issued the First Disclosure of the draft Pre-Sentence Report, Mr. Molina objected to a 4-level increase for "knowingly misrepresented or knowingly marketed as another substance a mixture or substance containing fentanyl (N-phenyl-N-[1-(2-phenylethyl) -4- piperidinyl] propanamide) or a fentanyl analogue." ECF No. 41 at 7. Probation agreed with the objection, as did the Court at the

sentencing and instead imposed only a 2-level increase.  ECF No. 42 at 7.  No one at sentencing objected to the revised guideline calculations containing a 2-level increase to the offense level.  ECF No. 51 at 4.

First, Mr. Molina objects to the 2-level enhancement, claiming that there is no "evidence in the record . . [to] support application of the two point enhancement." That argument is waived because he failed to object at the time of sentencing.  *Id.* Moreover, he waived his right to appeal if the sentence imposed was at or below the guidelines range.  (see Plea Agreement, ECF No. 38 at 9).  The Court imposed a sentence below the guideline, so any right to appeal was waived.  Finally, even if he had a right to appeal, the appeal would have to have been filed within 14 days of the entry of the judgment on the record.  The Judgment of 180 months of incarceration was entered January 21, 2026.  Mr. Molina filed this Motion on July 7, 2026 – more than 14 days after his deadline to appeal, and more than 14 days under Fed. R. Crim P. 35(a) for a motion to correct a sentence.

The Court therefore DENIES Mr. Molina's Motion for Reconsideration.  ECF No. 52.

Mr. Molina also filed a motion to reduce his sentence under 18 U.S.C. § 3582(c) – so-called "compassionate release."  But Mr. Molina lists no support in law or fact, which would support a reduction in sentence under this statute.  There are simply no extraordinary or compelling reasons that current case law would support for the Court to grant this extraordinary relief.

The Court therefore DENIES Mr. Molina's Motion for a Reduction in Sentence.

ECF No. 53.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 4, 2026